In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-297 CR


____________________



ONEAL S. GUIDRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83641






MEMORANDUM OPINION


 Oneal S. Guidry pleaded guilty to the state jail felony offense of possession of a
controlled substance, cocaine, in an amount of less than one gram. See Tex. Health &
Safety Code Ann. § 481.115 (a)(b) (Vernon Supp. 2003). Following a plea bargain
agreement between Guidry and the State, the trial court sentenced Guidry to one year of
confinement in a state jail facility. Guidry signed an express waiver of his right to appeal,
then unsuccessfully sought permission to appeal. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On December 19, 2002,
Guidry was given an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The general notice of appeal filed by Guidry failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1)

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Guidry raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on March 26, 2003

Opinion Delivered April 2, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3).